RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/24/14

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

b

| | |
|---|---|
| DAVID LYNN STAPLETON,<br>    Petitioner | CIVIL ACTION<br>SECTION "P"<br>NO. 1:13-CV-02777 |
| VERSUS | |
| STATE OF LOUISIANA,<br>    Respondent | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by petitioner David Lynn Stapleton ("Stapleton") on September 30, 2013 (Doc. 1). Stapleton is contesting his 2007 conviction and sentence, by a jury in the Louisiana 35th Judicial District Court in Colfax, Louisiana, on one count of fourth offense DWI; Stapleton was sentenced to 30 years imprisonment (Doc. 1). Stapleton raises the following grounds for relief in his habeas petition (Doc. 1):

> 1. The "ten year cleansing period" between Stapleton's 1993 and 2007 DWI convictions had lapsed and the trial court erred in finding otherwise.
>
> 2. Stapleton had ineffective assistance of counsel at sentencing because he told his attorney about the issue of the cleansing period having tolled and the errors in his discharge dates as determined by the Louisiana Department of Public Safety and Corrections, but his attorney failed to pursue these meritorious claims through pretrial motions.

The Respondent answered the petition (Doc. 15). Stapleton

claims and the Respondent admits that Stapleton exhausted his state court remedies. Stapleton's habeas petition is now before the court for disposition.

## Rule 8(a) Resolution

This court is able to resolve the merits of this habeas corpus petition without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the petitioner's claims, and the State court records provide the required and adequate factual basis necessary to the resolution of the habeas corpus petition. <u>Moya v. Estelle</u>, 696 F.2d 329, 332-33 (5th Cir. 1983); <u>Easter v. Estelle</u>, 609 F.2d 756, 761 (5th Cir. 1980); Habeas Corpus Rule 8(a).

## Facts

In <u>State v. Stapleton</u>, 08-685 (La.App. 3 Cir. 12/10/08), 2008 WL 5170047, the court set forth the facts of the case as follows:

> "The defendant was initially charged by bill of information on March 21, 2007, charging that the offense occurred February 4, 2007. A two-day trial ended on January 15, 2008, with the jury's verdict of guilty as charged.
> 
> \*       \*       \*
> 
> "The predicate offenses giving rise to the fourth offense conviction in this matter occurred in 1993, 1994, and 2003. The 1993 offense arose in Ouachita Parish, Louisiana. He was charged in Ouachita Parish with having, on January 17, 1993, committed the offense of D.W.I.-fourth offense, and pled guilty to D.W.I.-third offense on March 5, 1993. He was then charged in LaSalle Parish, Louisiana, with having committed the offense of D.W.I.-fourth offense on May 17, 1994, and pled guilty to the offense on November 28, 1994. He was then charged in Rapides Parish, Louisiana, with having committed the offense of D.W.I.-third offense on July 20, 2003, and

2

pled guilty to the offense on June 14, 2004. The current offense occurred on February 4, 2007. The defendant was incarcerated for these prior offenses from June 21, 1993, through November 17, 1993; May 17, 1994, through November 25, 1996; September 13, 1997, through March 13, 1999; and October 10, 2003, through October 19, 2004. The defendant was initially charged by bill of information on March 21, 2007, charging that the offense occurred February 4, 2007. A two-day trial ended on January 15, 2008, with the jury's verdict of guilty as charged."

<u>Standard of Review</u>

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall be considered only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).

Under 28 U.S.C. § 2254 and AEDPA, which is applicable to habeas petitions filed after its effective date on April 24, 1996, habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an *unreasonable determination* of the facts in light of the evidence presented in the State Court proceeding. Therefore, pure questions of law and mixed questions of law and fact are reviewed under Section 2254 (d)(1), and questions of fact are reviewed under Section 2254(d)(2). <u>Martin v.</u>

Cain, 246 F.3d 471, 475-76 (5th Cir. 2001), cert. den., 534 U.S. 885, 122 S.Ct. 194 (2001), and cases cited therein.

## Law and Analysis

### Ground 1 - Cleansing Period

A state's failure to follow the mandates of its own statutes does not, per se, provide a basis for federal habeas corpus relief. Hill v. Estelle, 653 F.2d 202, 205 (5th Cir.), cert. den., 454 U.S. 1036, 102 S.Ct. 577 (1981). Federal review of state convictions is confined to the narrow standards of due process. Smith v. McCotter, 786 F.2d 697, 700 (5th Cir. 1986); Trussell v. Estelle, 699 F.2d 256, 259 (5th Cir.), cert. den., 464 U.S. 853, 104 S.Ct. 168, 78 L.Ed.2d 153 (1983). In Haynes v. Butler, 825 F.2d 921, 923-24 (5th Cir. 1987), cert. den., 484 U.S. 1014, 108 S.Ct. 717 (1988), the court stated the following standard by which a federal habeas court may review a state trial court's sentencing decision:

> "Although wide discretion is accorded a state trial court's sentencing decision and claims arising out of that decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law. If a sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounts to an 'arbitrary or capricious abuse of discretion,' or that an error of law resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty."

First, Stapleton contends the "ten-year cleansing period" between his 1993 and 2007 DWI convictions had lapsed and the trial

court erred in finding otherwise. Specifically, Stapleton contends that, at his post-conviction hearing (Doc. 15, pp. 1030-1082), Louisiana Department of Public Safety and Corrections ("DPSC") official Nikki Chenevert testified that Stapleton was incarcerated for five years, two months, and seven days (Doc. 15, p. 1060), which would suspend the running of the ten-year cleansing period. However, Chenevert further testified that, in December 2009, 232 days of this time was found to have been unlawful confinement[1] and his master prison record was corrected (Doc. 15, p. 1059). Stapleton contends that, when the period of unlawful incarceration is subtracted from the full period spent incarcerated, the 10-year cleansing period ran completely since his release from imprisonment on his 1993 DWI conviction.

La.R.S. 14:98, "Operating a vehicle while intoxicated," provides in pertinent part:

> "F(2). For purposes of this section, a prior conviction shall not include a conviction for an offense under this Section, under R.S. 14:32.1, R.S. 14:39.1, or R.S. 14:39.2, or under a comparable statute or ordinance of another jurisdiction, as described in Paragraph (1) of this Subsection, if committed more than ten years prior to the commission of the crime for which the defendant is being tried and such conviction shall not be considered in the assessment of penalties hereunder. However, periods of time during which the offender was awaiting trial, on probation or parole for an offense described in Paragraph (1) of this Subsection, under an order of attachment for failure to appear, or incarcerated in a penal institution in this or any other state shall be

---

[1] See Commissioner's Recommendation dated December 1, 2009 (Doc. 15, pp. 1016-1019).

excluded in computing the ten-year period."

According to the statute, the initial dates to be considered, when calculating the ten-year period in the statute, are the dates of commission of the prior crimes sought to be used to enhance the current offense as well as the date of commission of the crime for which the defendant is currently charged. State v. Hoerner, 11-KA-659 (La.App. 5th Cir. 2/28/12), 88 So.2d 1128, 1130. The specific language of the statue further indicates the Louisiana Legislature's desire for the cleansing period to include only time during which the accused is not under any *legal* restraints. Consequently, periods of time when a defendant is under legal restraints must be excluded from the calculation of the cleansing period under the statute. Hoerner, 88 So.2d at 1130-1131, citing State v. Carter, 45,334 (La.App.2 Cir. 6/23/10), 42 So.3d 455, 457.

On the 1993 offense, Stapleton was charged in Ouachita Parish with having, on January 17, 1993, committed the offense of D.W.I.-fourth offense, pled guilty to D.W.I.-third offense on March 5, 1993, and was incarcerated from June 21, 1993, through November 17, 1993.

On the 1994 offense, Stapleton was charged in LaSalle Parish, Louisiana, with D.W.I.-fourth offense on May 17, 1994, pled guilty to the offense on November 28, 1994, and was incarcerated from May 17, 1994 through November 25, 1996, and from September 13, 1997 through March 13, 1999.

6

Stapleton was then charged in Rapides Parish, Louisiana, with D.W.I.-third offense on July 20, 2003, pled guilty to the offense on June 14, 2004, and was incarcerated from October 10, 2003, through October 19, 2004.

Stapleton's last offense occurred on February 4, 2007.

On his first direct appeal, the Louisiana Third Circuit Court of Appeal calculated the time Stapleton had spend in prison and found the cleansing period had not expired before commission of his last offense (Doc. 15, pp. 788-789).

After the Third Circuit's ruling, in late 2009 or 2010, Stapleton's master prison record was amended to exclude time he spent in prison which he should have not had to spend and which was determined to be illegal (Doc. 15, pp. 1016-1-25). Following that, Stapleton filed an application for post-conviction relief, alleging the ten year cleaning period was completed prior to his last offense, pursuant to his amended prison record.

At the hearing on Stapleton's application for post-conviction relief, DPSC official Nikki Chenevert, the records supervisor at Dabadie Correctional Center, testified as an expert in time computation from a master prison record (Doc. 15, p. 1054). Chenevert testified as to Stapleton's corrected master prison record, rather than the old, incorrect prison record that was used at his sentencing. Chenevert testified that Stapleton was convicted of DWI in Union Parish in 1998 and sentenced to five

7

years imprisonment, with two years suspended; Stapleton completed the three mandatory years before his parole was revoked (Doc. 15, p. 1059). Chenevert testified that Stapleton was not originally given full credit for the time he served before his parole was revoked (730 days), resulting in him serving 232 days in jail that he should not have served (Doc. 15, p. 1059). Chenevert testified that, if the 232-days Stapleton should not have served is excluded from time he was actually incarcerated for that offense, then the correct amount of incarceration time to be excluded from the cleansing period is four years and three months.

The cleansing period runs from the date of the first arrest to the date of the last arrest. Chenevert testified there was a period of fourteen years and one month between Stapleton's January 17, 1993 arrest and his February 4, 2007 arrest (Doc. 15, pp. 724-725). Excluding four years and three months for Stapleton's periods of incarceration or other "legal restraint," then nine years and tem months passed between Stapleton's first 1993 arrest and his 1997 arrest (Doc. 15, pp. 724-726). Chenevert testified that Stapleton's ten year cleansing period had not completely run when he was arrested for DWI on February 4, 2007.

Chenevert testified only as to Stapleton's time spent in custody. However, the time "under legal restraint" runs from the date of arrest to the date of release from incarceration, probation or parole. Therefore, Stapleton actually spent more time under

8

"legal restraint" than Chenevert calculated and even less time could be counted toward his cleansing period.

Accordingly, even when not counting the entire amount of time Stapleton was on probation or parole, the 10-year cleansing period had not run when Stapleton was arrested for DWI in 2007.

Stapleton contends his discharge dates were not properly calculated as to the date of the "discharge of the maximum possible sentence," citing State v. Anderson, 349 So.2d 311 (La. 1977). However, Anderson deals with the criminal habitual offender statute, La.R.S. 15:529.1,[2] and not the DWI statute, La.R.S. 14:98,

---

[2] La.R.S. 15:529.1(C) provides in pertinent part:
"C. The current offense shall not be counted as, respectively, a second, third, fourth, or higher offense if more than ten years have elapsed between the date of the commission of the current offense or offenses and the expiration of the maximum sentence or sentences of the previous conviction or convictions, or between the expiration of the maximum sentence or sentences of each preceding conviction or convictions alleged in the multiple offender bill and the date of the commission of the following offense or offenses. In computing the intervals of time as provided herein, any period of parole, probation, or incarceration by a person in a penal institution, within or without the state, shall not be included in the computation of any of said ten-year periods between the expiration of the maximum sentence or sentences and the next succeeding offense or offenses."
One significant difference between this statute and the habitual offender provision in the DWI statute, 14:98(F) is that the DWI statute also excludes from the cleansing period the periods spent awaiting trial, regardless of whether the person is incarcerated during that time. Another difference is that the time under Section 529.1 is computed from the end of the maximum possible sentence for the prior offense to the commission of the next succeeding offense, while the time under the DWI statute is computed from the commission of the prior offense to the

9

which has different provisions for calculation of the cleansing period. Stapleton relies on <u>Anderson</u> for the argument that it is the date of the person's legal discharge from penitentiary confinement with the Department of Corrections that determines the expiration of a given sentence. However, as set forth above, the DWI statute provides that periods of "legal restraint" such as probation and parole are also excluded from the cleansing period. La.R.S. 14:98(F). In any event, Stapleton's actual dates of discharge from confinement were the dates used in calculating his cleansing period (Doc. 1, p. 1061). See <u>Stapleton</u>, 2008 WL 5170046 at *4. Therefore, Stapleton's argument is erroneous.

Stapleton also argues that the full 730 days (half spent incarcerated and half spent paroled) before his parole was revoked should be included in his cleansing period because that would be time for "the discharge of the maximum possible sentence." However, Stapleton is again relying on <u>Anderson</u>, which is inapplicable in a DWI case; La.R.S. 14:98(F) (DWI statute) and La.R.S. 15:529.1 (habitual offender statute) do not contain the same provisions. This argument is also meritless.

Stapleton next argues that the Department of Corrections failed to release him early via diminution of sentence from his 1993 DWI conviction. However, as pointed out by the State, Stapleton has not exhausted his administrative remedies as to this

---

commission of the next succeeding offense.

"diminution of sentence" claim, and it this court will not consider it.³ See Court of Appeal ruling (Doc. 15, p. 747)("mandatory venue for actions in which a defendant...contests the computation of his sentence and discharge date lies in East Baton Rouge parish. La.R.s. 15:571.15. Thus, after Relator exhausts his administrative remedies in accordance with La.R.S. 15:1172, he may seek judicial review in the Nineteenth Judicial District. ...For this reason, the portion of Relator's writ application contesting his release date for his 1993 conviction is not considered.").

Stapleton also contends that the provision of La.R.S. 14:98(F) that specifically exclude periods of non-incarceration, such as awaiting trial, probation and parole, from the cleansing period,

---

³ Petitioners seeking habeas relief under Section 2254 are required to exhaust *all* claims in state court prior to requesting federal collateral relief. The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the *highest* state court. A claim is not exhausted unless the habeas petitioner provides the highest state court with a fair opportunity to pass upon the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999).
   The exhaustion of state remedies doctrine, codified in the federal habeas statute, 28 U.S.C. §2254, reflects a policy of federal-state comity. Stewart v. Martinez-Villareal, 523 U.S. 637, 118 S.Ct. 1618, 1621-22 (1998), citing Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). The mere fact that a federal petitioners' case has been through the state courts is not enough. A federal petitioner must have presented the state courts with the same claims he urges upon the federal courts. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991); Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 277 (1982); Picard, 404 U.S. at 275-276, 92 S.Ct. at 512.; Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999).

was not in effect at the time of the commission of his offense in 2007 and cannot be retroactively applied to him. Stapleton is apparently arguing that application of the 2008 amendment to his 2007 offense violates the ex post facto clause.[4] Stapleton is

---

[4] Art. I, § 10 of the United States Constitution and La. Const. art. I, § 23 prohibit ex post facto application of the criminal law by the State. An ex post facto law is one passed after commission of an act which retroactively changes the legal consequences of such act. In ex post facto analysis, the inquiry is whether any such change alters the definition of criminal conduct or increases the penalty by which the crime is punishable. State ex re. Olivieri v. State, 2000-KH-0172, 2000-KP-1767 (La. 2/21/01), 779 So.2d 735, 744-745, citing Collins v. Youngblood, 497 U.S. 37, 41, 110 S.Ct. 2715 (1990).

The 2008 amendment of La.R.S. 14:98(F) enlarged the ten-year cleansing period by excluding additional periods (spent in non-custodial legal restraint) from its calculation. The Louisiana Supreme Court has held that cleansing periods are purely statutory rules constituting self-imposed restraints on the state's plenary power to define and punish crimes. Due process does not require them and several Louisiana repeat offender statutes do not have them. State v. Rolen, 95-0347 (La. 9/15/95), 662 So.2d 446, 449. The purpose of cleansing periods such as the one provided in section (F)(2) of R.S. 14:98 is to reward prior offenders with the "cleansing" of their prior convictions if they are able to refrain from committing another offense within the statutory time frame. Enlarging or even eliminating a statutory cleansing period does not require an individual to defend his past acts charged against him, for which he has already been convicted and punished, but to measure his future conduct in light of the legislature's changing perception of significant social problems. Therefore, the State can prosecute a defendant according to an enlarged prescriptive period adopted after the commission of the offense but only as long as the former, shorter period had not already fully accrued into a complete defense to the charge. State v. Rolen, 95-KK-0347 (La. 9/16/95), 662 So.2d 446, 449 (holding the enlargement of the cleansing period under La.R.S. 14:98 from five years to ten years did not violate the Ex Post Facto Clause and was applicable to defendant's offense, although it was committed prior to the statutory amendment).

The 2008 amendment neither redefined the criminal conduct in La.R.S. 14:98 nor increased the punishment after Stapleton

partially correct; that provision was added in 2008 by Acts 2008, No. 640 (effective August 15, 2008). However, as already discussed, the evidence showed that Stapleton's ten-year cleansing period had not run prior to commission of his last offense, even when the periods spent on probation, parole or awaiting trial were not counted. Therefore, the issue of ex post facto application of the 2008 amendment to Stapleton's 2007 offense is moot.

Finally, Stapleton contends the State has just provided him with discovery that provides proof of his claims; however, he has not submitted that proof to this court for consideration. In any event, Stapleton contends the "proof" shows he was bonded from jail from February 19, 1993 to June 21, 1993, so that time should not have been excluded from the cleansing period calculation. However, Chenevert testified that she calculated all the time between the commission of the January 17, 1993 offense and the February 4, 2007 offense, and subtracted the 4 years and 3 months that Stapleton actually served in prison (Doc. 15, p. 1061). Therefore, Chenevert did not exclude the months Stapleton was out on bond from his cleaning period calculation. Moreover, the Court of Appeal's 2008

---

committed the underlying (DWI) offense. Compare Rolen, 662 So.2d at 449. Moreover, since the evidence adduced at trial showed that Stapleton's ten year cleansing period had not run prior to the commission of his 2007 DWI offense, even when not counting the time he spent awaiting trial or on parole, as discussed above, the State could exclude those time periods from his 10 year cleansing period. Therefore, the additional periods excluded from the cleansing period calculation were applicable to Stapleton.

opinion specifically states that Stapleton was incarcerated for the 1993 offense from June 21, 1003 through November 17, 1993. Stapleton, 2008 WL 5170046 at *4. Therefore, Stapleton's master prison record apparently reflects Stapleton's true dates of incarceration for that offense, and did not include the months Stapleton was out on bond in 1993.

This ground for relief is also meritless.

Ground 2 - Ineffective Assistance of Counsel

Stapleton also contends he had ineffective assistance of counsel at sentencing because he told his attorney about the issue as to the cleansing period having tolled and the errors in his discharge dates as determined by the Louisiana Department of Public Safety and Corrections, but his attorney failed to pursue these claims through pretrial motions.

To prevail on a habeas complaint of ineffective assistance of counsel a complainant must demonstrate that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. A defendant is prejudiced if there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. Jones v. Cain, 227 F.3d 228 (5th Cir. 2000), and cases cited therein.

Since Stapleton has not shown that his 10-year cleansing period had run prior to his 2007 DWI arrest, he has not shown that

his attorney committed an error. Therefore, Stapleton has not carried his burden of proving he had ineffective assistance of counsel. This ground for relief is also meritless.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Stapleton's Section 2254 petition for writ of habeas corpus be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by**

15

the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in Alexandria, Louisiana on the 23rd day of September 2014.

---
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE